# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

TERRELL ELAINE SANDERS, )
)
        Plaintiff, )
)
        v. )   Case No. CIV-16-474-SPS
)
COMMISSIONER of the Social )
Security Administration, )
)
        Defendant. )

## OPINION AND ORDER

The claimant Terrell Elaine Sanders requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born May 19, 1960, and was fifty-five years old at the time of the administrative hearing (Tr. 46). She completed the twelfth grade, and has worked as a bank teller and jailer (Tr. 32, 230). The claimant alleges inability to work since December 11, 2013, due to depression, fibromyalgia, and lower back pain (Tr. 229).

**Procedural History**

On February 6, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Deirdre O. Dexter conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 28, 2015 (Tr. 22-33). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. She found that the claimant had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), *i. e.*, she could lift/carry/push/pull twenty pounds occasionally and ten pounds frequently, walk off-and-on for no more than six hours in an eight-hour workday, stand off-and-on for no more than

six hours in an eight-hour workday, stand/walk the same amount, and sit for six hours in an eight-hour workday. Additionally, she determined that the claimant could only occasionally stoop or climb ramps and stairs, could never climb ladders/ropes/scaffolds, and that she could frequently balance, kneel, crouch, and crawl (Tr. 27). The ALJ thus concluded that the claimant was not disabled because she could return to her past relevant work as a bank teller or jailer (Tr. 32).

**Review**

The claimant's sole contention of error is that the ALJ failed to properly assess the opinion of a physical therapist. The Court agrees, and the decision of the Commissioner must be reversed and the case remanded for further proceedings.

The ALJ determined that the claimant had the severe impairment of degenerative disc disease, as well as the nonsevere impairments of depression and fibromyalgia (Tr. 25). As relevant to this appeal, the medical records reveal that the claimant was assessed with right-sided sacroiliitis and fibromyalgia, based on an MRI showing a very subtle posterior disk bulge at L4-5 with no stenosis and only mild facet hypertrophy, as well as nonspecific abnormal soft tissue signal in the paravertebral soft tissues at L2-3, and mild levoscoliosis with no abnormal enhancement in the L2-3 area (Tr. 310, 332-334). An MRI of the lumbar spine also revealed mild early degenerative disc and joint disease (Tr. 335). The claimant also underwent multiple steroid injections for lumbar degenerative disk disease and sacroiliitis (Tr. 317, 330).

In February 2013, the claimant began physical therapy for sacroiliitis, with noted problems of decreased core strength SI dysfunction, and pain (Tr. 470). She was seen for

four visits, and was discharged after that upon her request (Tr. 473). Notes reflect the claimant reported other medical problems contributing to back pain that she wanted to resolve outside of physical therapy (Tr. 473).

On June 9, 2015, licensed physical therapist Michele Shahan-Hale conducted a Disability Work Assessment/Physical Capacities Evaluation of the claimant (Tr. 475). At this in-person examination, Ms. Shahan-Hale observed that the claimant could perform at a level of less than sedentary work with a maximum occasional lifting ability of twelve pounds. She explained that although the claimant could lift twelve pounds, her body mechanics were poor, which created a safety issue (Tr. 475). She noted that the claimant demonstrated a full and consistent effort, and Ms. Shahan-Hale believed the results obtained were a valid assessment of the claimant's functional ability on that day (Tr. 476). She thus recommended that the claimant work at a less than sedentary level with a maximal occasional lift ability of twelve pounds, based on the Dictionary of Occupational Titles definition. Moreover, she found that the claimant could stand/walk no more than two hours in an eight-hour workday, with additional exertional and non-exertional limitations including, *inter alia*, only occasionally climbing, balancing, stooping, handling, and fingering, while never crouching, kneeling, crawling, or reaching (Tr. 476, 480). Ms. Shahan-Hale then concluded that, based on her 2.5 hours of examination, the claimant "was unable to demonstrate the ability to work safely within the sedentary level based on the Dictionary of Occupational Titles. She demonstrated balance and safety issues, inability to safely carry, lift, reach, stand and walk, and sit for periods of time, all of which matched her medical history and subjective reports." (Tr. 482).

State reviewing physicians determined that the claimant could perform light work, with the additional limitations of only occasionally climbing ramps/stairs and stooping, never climbing ladders/ramps/scaffolds, and only frequently balancing, kneeling, crouching, and crawling (Tr. 95-97 118-120). Although described by the ALJ as having "the benefit of reviewing the entire medical record," these opinions actually predate pertinent evidence in the record, including Ms. Shahan-Hale's evaluation.

In her written opinion, the ALJ summarized the claimant's hearing testimony as well as much of the medical evidence in the record (Tr. 28-32). In particular, she noted the diagnosis of degenerative disc disease, as well as Ms. Shahan-Hale's evaluation. She then concluded that Ms. Shahan-Hale was not an acceptable medical source, and pointed out that the claimant's representative had sent her to Ms. Shahan-Hale "in an effort to generate evidence," and that she had been "presumably paid" for providing her opinion (Tr. 30-31). She then stated that Ms. Shahan-Hale's findings "significantly deviate from the clinical finish of the claimant's treating sources," although she provided no analysis of or reference to such deviations (Tr. 31). She then gave great weight to the opinion of the state reviewing physicians because they did not find a disabling impairment, they were familiar with the Social Security system, and they had the benefit of viewing the entire medical record (although, again, their opinions pre-date a substantial amount of evidence in the record, including Ms. Shahan-Hale's evaluation).

Social Security regulations provide for the proper consideration of "other source" opinions such as the opinion provided by Ms. Shahan-Hale herein. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be

evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources" include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p, at *4-5; 20 C.F.R. § 404.1527(d). *See also Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation.") [emphasis in original] [internal citations omitted]. Here, the ALJ failed to properly apply these factors in evaluating the claimant's RFC. *See, e. g., Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation."). The ALJ's rejection of an other source opinion, without appropriate consideration, represents a significant misunderstanding with regard to the evidence and directly relates to findings regarding the claimant's RFC. In particular here, Ms. Shahan-

Hale's opinion represents the only physical examination of the claimant in the record that also contained an opinion on her functional limitations. Rather than rejecting her opinion for getting paid to do her job, the ALJ should instead have properly applied the factors to determine the functional effects of the claimant's impairments before adopting the opinions of the state reviewing physicians, which predate Ms. Shahan-Hale's evaluation entirely. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *3, *6 (Aug. 9, 2006) ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.").

The Court notes that, in addition to the basis for reversal found above, the ALJ is instructed to consider on remand all of the claimant's impairments, both severe and nonsevere, in formulating the claimant's RFC. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24

(10th Cir. 2004), *quoting* 20 C.F.R. § 404.1523). *See also Hill v. Astrue*, 289 Fed. Appx. at 292 ("But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted]. Here the ALJ failed to account for the nonsevere impairments of depression and fibromyalgia, which further indicates that the RFC does not wholly account for the claimant's impairments. Additionally, this reflects a failure to assess the combined effect of all the claimant's impairments – both severe and nonsevere – for her RFC. This is particularly important where, as here, the claimant's level of pain may have affected both her physical and mental impairments. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin*, 365 F.3d at 1219 (10th Cir. 2004).

Because the ALJ failed to properly analyze the evidence of record as to the claimant's limitations, the Commissioner's decision must be reversed and the case remanded for further analysis by the ALJ. If such analysis results in adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The

decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 27th day of March, 2018.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**